IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 04-cv-00237-WYD

JASON ALAN CAPPELLI,

      Applicant,

v.

JOE ORTIZ, Executive Director, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER DENYING 28 U.S.C. § 2254 APPLICATION

---

Applicant Jason Alan Cappelli is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Arkansas Valley Correctional Facility in Crowley, Colorado.  Mr. Cappelli has filed ***pro se*** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005) challenging his Colorado state conviction and sentence.  In an order filed on February 25, 2004, I ordered the respondents to file an answer to the habeas corpus application.  On March 24, 2004, the respondents filed their answer.  On April 9, 2004, counsel entered an appearance on Mr. Cappelli's behalf.  On April 26, 2004, after being granted leave and an extension of time to file a responsive brief, Mr. Cappelli filed a brief in response to the respondents' answer.

After reviewing the entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the habeas corpus application will be denied.

I.  Factual and Procedural Background

Mr. Cappelli was charged in the Arapahoe County District Court with second-degree burglary, theft of property valued at more than $400 and less than $15,000, and criminal mischief.  On June 21, 1996, in exchange for dismissal of the original charges, he pleaded guilty to two added counts of attempted second-degree burglary and misdemeanor theft.  Pursuant to the plea agreement, the parties entered into a stipulation for a deferred judgment and sentence.  The stipulation provided that the entry of judgment and conviction on Mr. Cappelli's plea was deferred for four years, beginning June 21, 1996.  As a result, Mr. Cappelli was placed on probation for the four-year period during which the judgment and sentence on the felony count was deferred.  He received one year of probation on the misdemeanor count, to run concurrently with the felony count.

On April 11, 2000, Mr. Cappelli's probation officer filed a complaint for revocation of Mr. Cappelli's deferred judgment and sentence.  The complaint alleged that Mr. Cappelli had violated two terms of his deferred judgment, i.e., he committed a criminal offense during the deferral period, and he failed to pay restitution and court costs.  Through counsel, Mr. Cappelli filed a motion to quash the complaint, alleging that the district court lacked jurisdiction over the complaint because it was not signed by the district attorney.

After considering briefs and conducting two hearings on the issue, the district court denied the motion, ruling that the complaint filed by the probation officer satisfied the notice requirements of the relevant statute, Colo. Rev. Stat. § 16-7-403, and that

the statute did not mandate that the district attorney provide this required notice.

Following a revocation hearing, the district court found that the state had proven both counts of the complaint, and entered a judgment of conviction on the class five felony to which Mr. Cappelli originally had pleaded guilty.  The court sentenced Mr. Cappelli to the DOC for eighteen months, to run consecutively to three other sentences resulting from his convictions in Jefferson County cases.

The Colorado Court of Appeals affirmed with a remand for correction of the mittimus.  *See People v. Cappelli*, No. 01CA1145 (Colo. Ct. App. May 23, 2002) (not selected for publication).  On December 9, 2002, the Colorado Supreme Court denied Mr. Cappelli's petition for writ of certiorari.  Mr. Cappelli indicates in his federal habeas corpus application that he has not initiated any postconviction proceedings.

In his application, Mr. Cappelli asserts one claim only, i.e., that the trial court lacked jurisdiction over his case because the district attorney did not sign the complaint to revoke his deferred judgment and sentence and, therefore, violated the prohibition against ex post facto laws.  In his April 26, 2004, response to the respondents' answer Mr. Cappelli appears to be asserting another claim, which will be discussed later in this order.  Respondents concede that the instant action appears to be filed in a timely manner.  *See* 28 U.S.C. § 2244(d) (Supp. 2005).

## II.  Exhaustion of State Remedies

Respondents argue that Mr. Cappelli has failed to exhaust state remedies for the claim asserted in his habeas corpus application.  They contend that this claim was raised in the state courts only as a matter of state law.  Mr. Cappelli disagrees, claiming

that he raised federal issues related to his claim before the Colorado Supreme Court sufficient to give notice of the effect of federal law upon his claim.  He specifically contends he noted in his certiorari petition to the Colorado Supreme Court that the interpretation given by the trial court and the Colorado Court of Appeals -- that the trial court had jurisdiction to order an arrest warrant based upon the unsworn complaint of the probation officer to revoke Mr. Cappelli's deferred judgment and sentence -- violated the Fourth Amendment to the United States Constitution.  The ex post facto nature of the interpretation arose, Mr. Cappelli argues, when the Colorado Supreme Court allowed the Colorado Court of Appeals' determination to stand by denying certiorari review on December 9, 2002.

Assuming that Mr. Cappelli intends to raise the ex post facto argument asserted in his application in this court as a federal constitutional violation, I first must determine whether the claim has been exhausted in state court.  Pursuant to 28 U.S.C. § 2254 (b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.  "The exhaustion requirement is not one to be

4

overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A

state prisoner bringing a federal habeas corpus action bears the burden of showing

that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d

392, 398 (10th Cir. 1992).

I find that Mr. Cappelli failed to exhaust state remedies for the ex post facto

claim because he did not raise that argument in his petition for writ of certiorari.

Therefore, the ex post facto argument was not fairly presented to the state's highest

court and is not exhausted.

Although the ex post facto argument was not presented fairly to the Colorado

Supreme Court, I may not dismiss that claim for failure to exhaust state remedies if Mr.

Cappelli no longer has an adequate and effective state remedy available to him.  *See*

*Castille*, 489 U.S. at 351.  As the respondents note, the ex post facto argument is

procedurally defaulted because Mr. Cappelli has not initiated any state postconviction

proceedings and any attempt to raise the claim in state court as an issue of federal

constitutional law would be denied as an attempt to relitigate matters resolved in his

earlier appeal if its review would be tantamount to "'nothing more than a second appeal

addressing the same issue on some recently contrived constitutional theory.'" *See*

*People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996), quoting *People v. Bastardo*,

646 P.2d 382, 383 (Colo. 1982).

As a general rule, federal courts "do not review issues that have been defaulted

in state court on an independent and adequate state procedural ground, unless the

default is excused through a showing of cause and actual prejudice or a fundamental

miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

Application of this procedural default rule in the habeas corpus context is based on

comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730

(1991).  In his response to the respondents' answer, Mr. Cappelli fails to show cause

and prejudice or a fundamental miscarriage of justice for his procedural default of the

ex post facto argument.  Rather, he argues that no procedural default occurred

because the ex post facto argument only arose after the state supreme court allowed

the state appeals court's determination to stand.  He makes no attempt to explain the

reason or reasons he chose not to pursue the ex post facto argument in a

postconviction proceeding.  He simply attempts to assert the argument here.

If Mr. Cappelli is foreclosed from raising a claim in a state postconviction

proceeding because he neglected to raise it earlier, he may seek review in this Court

only if he can "demonstrate cause for the default and actual prejudice as a result of the

alleged violation of federal law, or demonstrate that failure to consider the claims will

result in a fundamental miscarriage of justice."  *See id.* at 750.  Mr. Cappelli has failed

to do so.  Therefore, I find that the ex post facto argument is procedurally barred

because Mr. Cappelli has failed to demonstrate cause and prejudice or a fundamental

miscarriage of justice.  His procedural default of the ex post facto claim may not be

excused.  I next will address the claim Mr. Cappelli appears to assert in his April 26,

2004, response to the respondents' answer.

### III.  Standard of Review

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be

issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Mr. Cappelli seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.  *See Williams v. Taylor*, 529 U.S. 362, 390 (2000) (Stevens, J., writing for the Court).  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Id.* at 412 (O'Connor, J., writing for the Court).  If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See id.* at 404-05.

The "contrary to" clause allows a writ of habeas corpus to issue "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently that [the Supreme] Court has on a

set of materially indistinguishable facts." *Id.* at 413.  The "unreasonable application"
clause allows a writ of habeas corpus to issue "if the state court identifies the correct
governing legal principle from [the Supreme] Court's decisions but unreasonably
applies that principle to the facts of the prisoner's case." *Id.*  My inquiry pursuant to the
"unreasonable application" clause is an objective inquiry.  *See id.* at 409-10.  "[A]
federal habeas court may not issue the writ simply because that court concludes in its
independent judgment that the relevant state-court decision applied clearly established
federal law erroneously or incorrectly.  Rather that application must also be
unreasonable." *Id.* at 411.

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2).  *See*
*Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002).  Pursuant to
§ 2254(e)(1), I must presume that the state court's factual determinations are correct
and Mr. Cappelli bears the burden of rebutting the presumption by clear and convincing
evidence.

I "owe deference to the state court's *result*, even if its reasoning is not expressly
stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).  Therefore, I "must
uphold the state court's summary decision unless [my] independent review of the
record and pertinent federal law persuades [me] that its result contravenes or
unreasonably applies clearly established federal law, or is based on an unreasonable
determination of the facts in light of the evidence presented." *Id.* at 1178.  "[T]his
'independent review' should be distinguished from a full de novo review of the
petitioner's claims." *Id.*

Finally, if the state court does not address a claim on the merits, I must review

the claim de novo and the deferential standards in 28 U.S.C. § 2254(d) are not

applicable.  **_See Gipson v. Jordan_**, 376 F.3d 1193, 1196 (10th Cir. 2004).


IV. Discussion

Mr. Cappelli in his April 26, 2004, response, contends that the trial court violated

the Fourth Amendment because it lacked jurisdiction to order a warrant upon the

unsworn complaint of the probation officer.  An examination of the briefs in the state

case confirms that Mr. Cappelli raised a Fourth Amendment argument before the state

appeals and supreme courts. As previously stated, Mr. Cappelli asserts one claim only,

i.e., that the trial court lacked jurisdiction over his case because the district attorney did

not sign the complaint to revoke his deferred judgment and sentence.

The state court of appeals rejected Mr. Cappelli's claim, reasoning as follows:

> Defendant contends that the trial court lacked
> jurisdiction to proceed on the revocation application
> because the deferred judgment had terminated by operation
> of law on the failure of the district attorney to sign the
> complaint.  We disagree.
> Section 16-7-403(2), C.R.S. 2001, provides that,
> upon the breach of any condition regulating the defendant
> during the deferral period, deferred judgment may be
> revoked and judgment of conviction entered "upon
> application of the district attorney."  Based on this language,
> defendant argues that <u>only</u> the district attorney, and not a
> probation officer, may initiate revocation proceedings.
> A division of this court previously addressed this
> contention in <u>People v. Zabala</u>, 706 P.2d 807, 808 (Colo.
> App. 1985) and concluded that an application for revocation
> of deferred judgment filed by a probation officer, rather than
> by a district attorney, is valid under § 16-7-403(2).  In so

9

concluding, the division reasoned that because the "procedural safeguards governing the deferred sentencing statute are analogous to those governing probation," and the pertinent probation statute permits the probation officer to initiate revocation of probation proceedings, there can be no prejudice in applying the same rule to deferred sentencing.  People v. Zabala, supra, 706 P.2d at 808. "That is particularly true in that it is the trial court, not the district attorney or probation officer, who makes the actual determination as to whether or not to revoke the deferral . . . . " People v. Zabala, supra, 706 P.2d at 809.  Because we are persuaded by the reasoning in Zabala, we apply it here and find it dispositive of defendant's contention.

Defendant's reliance on People v. Berquist, 916 P.2d 629 (Colo. App. 1996), is misplaced.  There, revocation of a deferred judgment and sentence was reversed, not because the district attorney had failed to sign the revocation application, but because no revocation application at all was filed and the trial court ordered the revocation sua sponte.

*Cappelli*, No. 01CA1145 at 2-3 (emphasis in original).

The state appeals court specifically rejected Mr. Cappelli's contention that the

trial court was without jurisdiction to order a warrant upon the unsworn application of

the probation officer.

> Section 16-7-403(4), C.R.S. 2001, provides:
> A warrant for the arrest of any defendant for breach of a condition of a deferred sentence may be issued by any judge of a court of record <u>upon the report of a probation officer</u> . . . establishing to the satisfaction of the judge probable cause to believe that a condition of the deferred sentence has been violated and that the arrest of the defendant is reasonably necessary . . . .
> The People assert that this issue has not be

preserved for review because defendant failed to obtain a ruling from the trial court. However, the record is not clear in that regard, so we address the contention and find no error.

The statute requires the trial court to rely upon the "report of a probation officer," not, as the defendant suggests, a sworn application. Consistent with the statute, the trial court reviewed the probation officer's complaint and based thereon found probable cause that defendant had violated the conditions of his stipulation and that a warrant was reasonably necessary.

Defendant does not articulate how he was prejudiced by the issuance of the warrant. In fact, when the arrest warrant was issued, the evidence to support the revocation had been gathered, and defendant was already incarcerated at the Department of Corrections for a separate conviction; therefore, the error, if any, was harmless. See Hollis v. People, 630 P.2d 68, 69 (Colo 1981) (error is harmless where no prejudice is shown). Thus, we reject this contention.

*Cappelli*, No. 01CA1145 at 3-5 (emphasis in original).

Although the state appeals court did not address the merits of Mr. Cappelli's Fourth Amendment claim, Mr. Cappelli alleges in his April 26, 2004, brief that the state trial court addressed the Fourth Amendment claim through his motion to quash. As Mr. Cappelli also points out in his April 26 brief, he clearly had the opportunity to litigate the Fourth Amendment claim in state court.

A Fourth Amendment claim challenging the constitutional validity of a search or seizure is not cognizable in a federal habeas corpus action if the applicant had a full and fair opportunity to litigate the claim in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976), *Miranda v. Cooper*, 967 F.2d 392, 401 (10th Cir. 1992). In determining whether a habeas corpus applicant had a full and fair opportunity to litigate his or her

Fourth Amendment claim in state court, the court should focus primarily on whether the state provided a procedural opportunity to litigate the claim.  ***See Miranda***, 967 F.2d at 401; ***Gamble v. Oklahoma***, 583 F.2d 1161, 1164-65 (10th Cir. 1978).  A full and fair opportunity to litigate also "contemplates recognition and at least colorable application of the correct Fourth Amendment constitutional standards."  ***Gamble***, 583 F.2d at 1165.

Mr. Cappelli does not argue that he did not have a procedural opportunity to litigate his Fourth Amendment claim in state court or that the state courts either failed or refused to apply the correct and controlling constitutional standards.  Therefore, I find that Mr. Cappelli had a full and fair opportunity to litigate the Fourth Amendment claim in state court.  Mr. Cappelli is not entitled to habeas corpus relief on his Fourth Amendment claim.

## V. Conclusion

I find that Mr. Cappelli failed to exhaust his ex post facto argument in state court, and that he is not entitled to habeas corpus relief on his Fourth Amendment claim because he had a full and fair opportunity to litigate the claim in state court. Accordingly, it is

ORDERED that the habeas corpus application is **DENIED** and the action is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated:  December 22, 2005

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge